In re LAND BOUNDED BY FIRST AND SECOND AVENUES AND EAST
   THIRTY-FIFTH AND EAST THIRTY-SIXTH STREETS IN CITY OF
   NEW YORK. Appeal of JONES.

(Supreme Court, Appellate Division, First Department.   February 4, 1910.)

EMINENT DOMAIN (§ 158*) — COMPENSATION — PERSONS ENTITLED—INTERVEN-
   TION.
       It is not necessary that a claimant to an award to unknown owners of
   land taken for public use should affirmatively prove his title before he is
   allowed to intervene in proceedings under Greater New York Charter
   (Laws 1901, c. 466) § 1001, to determine ownership of the award, but it
   is sufficient that he "claims to be interested" as the section provides.
       [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 158.*]

Appeal from Special Term, New York County.

Proceedings by the City of New York for the acquisition of lands
for a public park. From an order denying a motion by Martha E.
Jones for leave to intervene, she appeals. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, Mc-
LAUGHLIN, and DOWLING, JJ.

Matthew J. Wheelehan, for appellant.

Banton Moore, for respondent.

DOWLING, J.  In the proceedings heretofore had for the acquisi-
tion by the city of New York of the title to certain lands bounded by
First and Second avenues and East Thirty-Fifth and East·Thirty-
Sixth streets in the borough of Manhattan, for use as a public park,.
the commissioners appointed therein made an award to unknown own-
ers of the sum of $4,718.78, as damages for so much of the land taken
for public use as was described as lot 58 on the damage map.

Thereafter one Charles, E. Appleby claimed to be entitled to said
award. His claim, and the claims of claimants to other awards, were
referred to a referee to take proof of the title to the respective awards.
Martha B. Jones, the present petitioner, presented to·the court her
verified petition, setting forth that she claimed an interest in the award
to which Appleby made claim, and praying that her application be
consolidated with that of Appleby, and that the referee be directed
to take proof of her title, as well as that of all other persons claiming
an interest in, or to be entitled to, said award. Her application was
denied, for what reason is not disclosed.

The application theretofore made by Appleby appears to have been
properly before the referee, and no valid reason is given why the·peti-
tioner should not have had permission to intervene and protect her
rights, if any. It is not necessary that she should affirmatively prove·
her title before she is allowed to intervene. Under section 1001 of
the charter (Laws 1901, c. 466) it is sufficient that she claims to be in-
terested in·the lands for which the award has been made or any part
thereof; and thereupon the court has the right either to take the·
proof and testimony of the claimant, or to refer the matter to a referee·
for such purpose. Here the court did not attempt to take the proof·

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

and testimony of the claimant, and refused to send the matter to a referee as she prayed.

The very purpose of a reference in these proceedings is to determine, finally, the ownership of an award, and for that purpose to have before the court, or the referee, every one who claims to be interested in the award. This avoids multiplicity of proceedings and secures complete adjustment of the rights of the litigants.

The order appealed from should be reversed, with $10 costs and disbursements, and the petitioner given lease to intervene, and to have her claim heard before the referee heretofore appointed to take proof of the claim of Charles E. Appleby and others. All concur.